UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:22-CV-00140-GNS-HBB

**LAURIE SYLVESTER and**
**RICHARD FULKERSON**                                                                                  **PLAINTIFFS**

**VS.**

**SAFECO INSURANCE COMPANY**
**OF AMERICA**                                                                                               **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Laurie Sylvester and Richard Fulkerson's motion to compel Defendant Safeco Insurance Company of America to produce a witness for deposition pursuant to Fed. R. Civ. P. 30(b)(6) (DN 27). Safeco has filed a response (DN 31), Plaintiffs have replied at (DN 34), and Safeco has sur-replied (DN 40).

### Nature of the Case

Safeco insured Plaintiffs' home. Plaintiffs claimed their home was damaged by a tornado on December 10, 2021 and sought benefits under the contract. Safeco made payments with the exclusion of a claim for cracks in the foundation walls. Safeco concluded that the cracks were not caused by the tornado, rather they were the result of earth and groundwater movement and pressure and not covered under the policy. For simplicity, and without implying any pre-judgment of the merits of the action, the claim for damage to the foundation will be referred to as the "foundation claim" and the other claims as "weather damage claims."

On August 9, 2022, Plaintiffs filed suit in Hopkins Circuit Court, asserting claims for breach of contract for Safeco's refusal to pay any policy benefits on the foundation claim and for alleged failure to pay the full amount to which they are entitled on other weather damage claims.

Plaintiffs also asserted a claim for bad faith (DN 1-1). Safeco removed the action to this Court on September 29, 2022 (DN 1).

In their joint report of the parties' planning meeting, the parties agreed that the extracontractual claim for bad faith should be bifurcated from the breach of contract claims and held in abeyance (DN 12). The Court entered an Order of bifurcation consistent with that agreement (DN 15). Plaintiffs subsequently moved to compel Safeco to participate in appraisal of their weather damage valuation claims in accordance with the insurance policy's terms, and the Court granted the motion (DN 56).

Plaintiffs' Motion

Plaintiffs move to compel Safeco to produce a witness to testify pursuant to Fed. R. Civ. P. 30(b)(6).[1] Plaintiffs submitted a notice of deposition identifying the following topics on which the witness would be questioned:

    1. The facts and circumstances surrounding the defenses asserted by Defendant in this litigation.

    2. The facts and circumstances providing a basis for each denial stated by Defendant in response to the allegations of Plaintiffs' Complaint.

    3. Defendant's responses to Plaintiffs' interrogatories served in this case.

    4. The substance and content of the documents provided in response to Plaintiffs' Request for Production of Documents served in this case.

    5. Defendant's coverage position.

    6. The calculation of damages to the Property.

(DN 27-4 PageID # 429). Anticipating Safeco's objections based on prior correspondence between the parties, the Plaintiffs contend that topics 1 and 2, which address the facts and

---

[1] Both parties in their pleadings discuss perceived deficiencies in timing and prior communications regarding the production of the 30(b)(6) witness. None of that discussion is relevant to the core issues before the Court.

circumstances surrounding Safeco's defenses and denials of allegations in the pleadings, are not unduly burdensome and note that Safeco asserted "20 affirmative defenses and other additional defenses in its Answer including number 19 which incorporates all of Fed. R. Civ. P. 8(c)(1) and Fed. R. Civ. P. 12(b)" (DN 27 PageID # 413) (citing DN 6), thus giving rise to Plaintiffs' entitlement to inquire as to the basis for those defenses.

Turning to Safeco's responses to interrogatories, Plaintiffs characterize Safeco's responses as "evasive, incomplete answers riddled with boilerplate objections" (Id. at PageID # 414). Plaintiffs note that the scope of the inquiry is narrow, given that the case involves a single residential insurance claim. As to the substance and content of Safeco's discovery production, Plaintiffs similarly criticize it as "a jumbled mess, full of duplicate and incomplete documents" (Id.). Finally, as to Safeco's coverage position and calculations of damages, Plaintiffs state that this should be a matter for the witness to easily address.

Safeco's Response

Safeco advances two arguments in opposition to the Plaintiffs' motion. First, Safeco asserts that issues concerning whether or to what extent Plaintiffs' claimed damages are covered under the policy are legal matters for determination by the Court. To inquire of a corporate witness about the matters, Safeco contends, is "tantamount to deposing Safeco's attorneys by proxy" (DN 31 PageID # 477). To the extent Plaintiffs have specific questions about Safeco's legal position, Safeco contends such information is more appropriately addressed through contention interrogatories.

Safeco next argues that Plaintiffs' topics do not set forth the areas of questioning with sufficient particularity to permit it to produce a properly prepared witness. Safeco cites Woods v.

Standard Fire Ins. Co., 589 F. Supp. 3d 675 (E.D. Ky. 2022) as illustrative of the Plaintiffs' deposition notice deficiencies.[2]

Discussion

Fed. R. Civ. P. 30 addresses depositions by oral examination. Subpart (b)(6) sets forth the substantive rule that applies to depositions of corporate representatives. Specifically, the Subpart states:

> **(6)** *Notice or Subpoena Directed to an Organization*. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6). The testimony of a Rule 30(b)(6) witness represents the knowledge of the corporation, not the individual witness, and thus the testimony of a Rule 30(b)(6) witness is different from that of a "mere corporate employee;" the Rule 30(b)(6) witness does not give his or her own personal opinions but instead presents the corporation's "position" on the topic. Richardson v. Rock City Mech. Co., LLC, No. 3-09-0092, 2010 U.S. Dist. LEXIS 16647, at *17 (M.D. Tenn. Feb. 24, 2010) (citation omitted). When a corporation is served with a notice of a Rule 30(b)(6) deposition, it is obligated to produce a witness or witnesses knowledgeable about the subject or subjects described in the notice and to prepare the witness or witnesses to testify not

---

[2] Plaintiffs filed a Reply at DN 34 addressing the sufficiency of fact witness deposition testimony provided by a Safeco adjustor, and Safeco filed a Sur-reply (DN 40), challenging Plaintiffs' characterization of the testimony. Given the present posture of the case, the undersigned does not find it useful to address this aspect of the parties' arguments.

4

simply to their own knowledge, but the knowledge of the corporation. Pogue v. Northwestern Mut. Life Ins. Co., No. 3:14-CV-598-CRS, 2017 U.S. Dist. LEXIS 110990, at *26 (W.D. Ky. July 18, 2017) (citations omitted). A Rule 30(b)(6) designee must be educated and gain the requested knowledge to the extent that it is reasonably available to the corporation. Id. (citations omitted). Thus, such a designee has a duty to reasonably obtain information from corporate documents, current or prior corporate employees, or any other sources reasonably available to the corporation. Id. (citations omitted). Notably, a Rule 30(b)(6) witness is not expected to perform with absolute perfection, and the inability of such a witness to answer every question on a particular topic does not necessarily mean that the corporation failed to comply with its obligations under the Rule. Id. (citations omitted).

After the parties completed their pleadings on this motion, the Court issued a ruling which has a substantial impact on the discovery dispute. The Plaintiffs' claims in this case can be divided into three categories: the denied claim for foundation damage; dispute over the sufficiency of Safeco's payments for other storm damage; and bad faith. The bad faith claim is currently bifurcated and in abeyance pending resolution of the underlying contract claims. On February 6, 2024, the Court entered an Order at DN 56 granting Plaintiffs' motion to compel Safeco to participate in appraisal of the storm damage claims. The policy provision in question provides:

> If you and we do not agree on the amount of loss, including the amount of ***actual cash value*** or ***replacement cost***, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of you or the company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then resolve the issues surrounding the loss, appraise the loss, stating separately the ***actual cash value*** or ***replacement cost*** of each item, and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two of these three, when filed with the company shall determine the amount of loss.

(DN 56 PageID # 949-50). Considering this development, the undersigned conducted a telephonic conference with the parties to determine whether they concurred that the present posture of the case involves only discovery related to the foundation claim. Safeco concurred, however it was Plaintiffs' position that Safeco might ultimately challenge the outcome of the appraisal and, as such, discovery regarding their weather damage claims is still relevant. The undersigned disagrees. Rule 26(b)(1) is the touchstone for determining relevance. The Rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." Fed. R. Civ. P. 26(b)(1). At present, the Plaintiffs' claim regarding Safeco's alleged failure to pay the appropriate amount for the storm related claims is to be resolved by the contractual appraisal provision and is thus not a "live" claim pending before this Court. Plaintiffs' argument that Safeco may ultimately attempt to dispute the outcome of the appraisal process is too speculative a basis upon which to find relevance for purposes of discovery at present. Should Safeco ultimately attempt to have the weather damage claims resolved in this case, then Plaintiffs would be entitled to revisit discovery. For the present, however, the undersigned concludes that the relevant scope of discovery is that directed to Safeco's denial of the foundation claim.

1. Topic 1

Plaintiffs seek testimony regarding the facts and circumstances surrounding the defenses Safeco has asserted in this litigation. Safeco has objected, arguing its proof that the foundation damage is not tornado related will be supported by expert witness testimony and Safeco does not have any independent institutional knowledge. If this is the case, then a 30(b)(6) witness would fulfill their duty by testifying that the experts' reports represent the full extent of Safeco's knowledge of the relevant facts.

Safeco additionally objects that the question of whether a loss is covered under the policy is a question of law to be decided by the Court and questioning a corporate witness would be the equivalent of inquiring about Safeco's counsels' legal position. Safeco's objection is valid in this regard. "[A] lay witness cannot testify as to legal conclusions, and such questions exceed the permissible scope of a 30(b)(6) deposition." Brooks v. Caterpillar Global Mining Am., LLC, No. 4:14-CV-00022-JHM, 2016 U.S. Dist. LEXIS 127975, at *15 (W.D. Ky. Sept. 20, 2016). However, to the extent a Safeco representative can testify as to facts upon which Safeco relies, the questioning is proper.

Safeco also objects as to the scope of the topic as noticed. Rule 30(b)(6) requires that a deposition notice describe with reasonable particularity the matters for examination. The test for reasonable particularity is "whether the request places the party upon 'reasonable notice of what is called for and what is not.'" Alvey v. State Farm Fire & Cas. Co.., No. 5:17-CV-00023-TBR-LLK, 2018 U.S. Dist. LEXIS 21356, at *19-20 (W.D. Ky. Feb. 9, 2018) (quoting St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000)). Given that the scope of discovery is currently limited to the foundation claim denial, the undersigned concludes that the topic is described with reasonable particularity.

2. Topic 2

Plaintiffs seek testimony about the facts and circumstances providing a basis for each denial Safeco stated in response to the allegations of Plaintiffs' Complaint. Safeco has cited Woods, 589 F.3d 675 in support of its argument that the topic is stated too broadly, but with the scope of relevance now limited to the foundation claim denial, Woods favors Plaintiffs. The court found it impossible to square the fact that inquiries of this nature would be permitted by contention interrogatories under Rule 33 but denied in a Rule 30(b)(6) deposition. Consequently, the court

permitted the questioning of a 30(b)(6) witness as to factual information in the Answer as well as affirmative defenses. "[Plaintiff] may inquire about what facts underlie certain denials or what facts support certain affirmative defenses." Woods at 685. As earlier noted, only those denials related to the foundation claim are relevant.

3. Topics 3 and 4

Plaintiffs seek testimony about Safeco's responses to their interrogatories. They also seek testimony about the substance and content of the documents provided in response to their Request for Production of Documents.

The undersigned concurs with Safeco that this topic fails to identify the information sought with reasonable particularity. See Majestic Bldg. Maint., Inc. v. Huntington Bancshares, Inc., No 2:15-CV-3023, 2018 U.S. Dist. LEXIS 114267, at *19-20 (S.D. Ohio July 18, 2018) (Requests for testimony on every response to discovery requests and every document produced were overbroad and lacking in reasonable particularity). Moreover, such topics impermissibly serve "as a catch-all technique to reexamine at the end of discovery the universe of information an adversary has produced during the discovery period." Woods, 589 F. Supp. 3d at 684 (quoting Prasad v. George Washington Univ., 323 F.R.D. 88, 89 (D.D.C. 2017)).

4. Topic 5

Plaintiffs seek testimony about Safeco's coverage position. It is unclear what information Plaintiffs seek in inquiring into Safeco's "coverage position." Safeco has denied coverage. Do Plaintiffs seek information about the facts underlying that position? If so, then that appears to be the same information sought in topics 1 and 2 and is therefore duplicative. If Plaintiffs seek information about Safeco's legal theory, then as previously discussed, it is an improper topic for inquiry of a 30(b)(6) witness.

8

5. Topic 6

Plaintiffs seek testimony about Safeco's damage calculation. Likely this topic was directed primarily to Safeco's valuation of the disputed payments for weather damage claims, which are now subject to the appraisal process. Safeco has denied coverage for the foundation claim, but, if there is a determination that the loss is covered, the next question is the amount to which the Plaintiffs are entitled under the contract. Perhaps Safeco, in reliance on its no-coverage position, has not undertaken a calculation of the damages associated with the foundation claim. If it has, however, then that information would be relevant to Plaintiffs' claim.

**WHEREFORE**, Plaintiffs' motion to compel a Rule 30(b)(6) deposition is **GRANTED IN PART and DENIED IN PART**. Testimony as to Topics 1 and 2 is permitted insofar as factual information, and not conclusions of law, are involved. Topics 3, 4 and 5 are disallowed. Topic 6 is allowed.

March 14, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:    Counsel of Record